WILMERHALE

Mark C. Fleming

+1 617 526 6909 (t)
+1 617 526 5000 (f)
mark.fleming@wilmerhale.com

March 19, 2025

**VIA CM/ECF**
Hon. Jarrett B. Perlow
Circuit Executive and Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

    Re: *Apple Inc. v. Stewart*, No. 2024-1864
         Response to Director's Letter Pursuant to Fed. R. App. P. 28(j)

Dear Mr. Perlow:

    Appellants respectfully submit this response regarding the rescission of the Director's June 21, 2022 memorandum regarding discretionary denials of *inter partes* reviews ("June 2022 Guidance"). *USPTO Rescinds Memorandum Addressing Discretionary Denial Procedures* (Feb. 28, 2025), https://perma.cc/2MK7-Z7EY.

    Appellants agree with the Acting Director that the rescission does not moot this appeal. To the contrary, the rescission underscores that the *NHK-Fintiv* Rule is a substantive rule that should have gone through notice-and-comment rulemaking.

    *First*, the rescission affects private interests. The June 2022 Guidance had stated that "compelling, meritorious challenges will be allowed to proceed at the PTAB even where district court litigation is proceeding in parallel." With that safeguard gone, the application of the *NHK-Fintiv* Rule now means that the PTAB can again deny institution of petitions presenting compelling, meritorious challenges to patentability. The June 2022 Guidance had also stated that the PTAB would not discretionarily deny institution where the petitioner had agreed "not to pursue in a parallel district court proceeding the same grounds as in the petition or any grounds that could have reasonably been raised in the petition"—a so-called *Sotera* stipulation. That protection too is now gone. Further, the June 2022 Guidance had stated that "the PTAB will no longer discretionarily deny petitions based on … a parallel ITC proceeding." Now the PTAB will again start applying the *NHK-Fintiv* Rule even when there are parallel ITC investigations. All those changes "threaten … harm" to the "legally protected interest" of infringement defendants by reducing the likelihood that they can pursue IPR. *Apple Inc. v. Vidal*, 63 F.4th 1, 16 (Fed. Cir. 2023).

    *Second*, because the rescission is binding on the Board, the Board is now obligated to continue applying the *NHK-Fintiv* Rule as it stood before the June 2022 Guidance.

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

***Third***, the rescission—announced without advanced notice—demonstrates that the Office believes that the Acting Director (and her successors) can change the standards for institution of IPR without notice and any opportunity for affected parties to comment. As Appellants argued (Opening Br. 59), notice-and-comment procedures provide a critical check against the adoption of unlawful or irrational institution standards.

Respectfully submitted,

*/s/ Mark C. Fleming*
Mark C. Fleming


cc:      Counsel of Record (via ECF)