# PTAAARMIGAN
PATENT AND TRADEMARK ATTORNEYS, AGENTS AND APPLICANTS FOR RESTORATION AND MAINTENANCE OF INTEGRITY IN GOVERNMENT

MAILING: P.O. BOX 590372, NEWTON MA 02459
E-MAIL: PTAAARMIGAN@PTAAARMIGAN.ORG

October 27, 2025

**VIA CM/ECF**

The Honorable Jarrett B. Perlow
Circuit Executive and Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W., Suite 401
Washington, D.C. 20439

Re: *Apple Inc. v. Squires*, Appeal No. 24-1864, Notice of Supplemental Authority

Dear Mr. Perlow:

PTAAARMIGAN appears in this case as an *amicus*, not as a party. PTAAARMIGAN requests leave to draw the Court's attention to supplemental authority, PTAAARMIGAN's *amicus* brief from *In re: Cambridge Industries USA Inc.*, No. 26-101, ECF 18-2 (Oct 24, 2025).

Taken together, PTAAARMIGAN's briefs in this case and in *Cambridge* suggest a middle ground between the parties' all-or-nothing extremes. This case and *Cambridge* are similar in many respects. In both, subregulatory guidelines purport to limit IPR/PGR institution. In both, an IPR petitioner challenges those guidelines. PTAAARMIGAN's *Cambridge* brief explains differences that should flip the outcome. In this case, PTAAARMIGAN urges (ECF 57) that the 2020 *NHK/Fintiv* guidance is proper exercise of authority—but just barely. In counterbalance, PTAAARMIGAN's *Cambridge* brief urges that 2025 guidance is arbitrary, capricious, and not in accordance with law.

PTAAARMIGAN's *Cambridge* brief highlights a direct clash between this Court's decision in *Apple Inc. v. Vidal*, 63 F.4th 1 (Fed. Cir. 2023) against two Supreme Court cases, *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667 (1986) and *Lindahl v. OPM*, 470 U.S. 768 (1985). In both *Bowen* and *Lindahl*, the Supreme Court applied the presumption of judicial review to interpret preclusion-of-review statutes. Preclusion statutes are to be read narrowly, limited to their literal terms, precluding only the "determination" itself, while allowing review of *underlying methods and rules*. Contrariwise, in *Apple*, this Court read § 314(d) broadly. PTAAARMIGAN's *Cambridge* brief suggests a narrow reading of *Apple* that reconciles *Bowen* and *Lindahl*.

PTAAARMIGAN's *Cambridge* brief will assist the Court in scoping § 314(d) so it does not become a blank check for arbitrary and capricious malexercise of the Director's discretion. The brief amplifies the proper boundaries of agencies' use of guidance, and assists the Court in avoiding a circuit split with the D.C. Circuit. "General statements of policy" such as *NHK/Fintiv* are valid (and not subject to facial review) when promulgated (*contra* Apple's position in this

case), but become reviewable as *Bowen* underlying issues *when and as applied*. (In contrast, rules in mandatory terms are unlawful if issued without legislative rulemaking procedure, and are facially reviewable when promulgated.) PTAAARMIGAN's *Cambridge* brief highlights several *Bowen*/*Cuozzo* "method" shenanigans in the Director's 2025 guidance that violate limits on guidance, and explains how *Bowen*, *Lindahl*, and *Cuozzo* preserve this Court's power to police those limits. The Court's decision in this case should preserve those powers and limits.

                                                  Respectfully submitted,

                                                  David E. Boundy
                                                  Counsel for *amicus* PTAAARMIGAN