

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 514-1371

January 2, 2026

VIA CM/ECF

Jarrett B. Perlow, Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW, Suite 401
Washington, DC 20439

RE:   *Apple Inc. v. Squires*, No. 2024-1864 (Fed. Cir.)

Dear Mr. Perlow:

We write to provide further information regarding IPR institution changes noted in plaintiffs' December 28 letter.

First, an October 17, 2025, memorandum explained the USPTO Director will directly exercise the authority Congress vested in him to make institution decisions, 35 U.S.C. § 314. Memorandum from Director 1, https://perma.cc/MZ99-X26J. Under this process, the Director, in consultation with PTAB judges, determines whether the petitioner met threshold institution requirements and whether institution is an appropriate use of Office resources and in the best interests of the patent system. *Id.* The memorandum expanded upon an earlier memorandum stating that the Director would exercise his discretion to institute himself. *Id.* The latter memorandum identified numerous considerations the Director intends to consider, including "economic, public health, or national security interests," and "[a]ny other considerations bearing on the Director's discretion." Memorandum from Acting Director 1 (Mar. 26. 2025), https://perma.cc/L997-QPYD.

The *NHK* and *Fintiv* decisions are not binding authority in this new process. The Director is not bound to follow precedential PTAB decisions. *See* USPTO Br. 35-37. PTAB panels do not now exercise the Director's discretion to institute

and thus currently have no occasion to apply those decisions.[1] However, the Director has left those decisions as precedential. Thus, if PTAB panels were to again exercise the Director's discretion to institute, *NHK* and *Fintiv* would remain precedent. The Director would retain discretion to alter PTAB panels' institution decisions, de-designate *NHK* and *Fintiv* as precedential, or alter those decisions' application. *Id.*

Second, the USPTO issued a notice of proposed rulemaking regarding IPR institution. 90 Fed. Reg. 48,335 (Oct. 17, 2025). The proposed rule overlaps with *NHK* and *Fintiv* in addressing parallel district-court proceedings. *Id.* at 48,338. The comment period closed December 2, 2025. The USPTO has not yet issued a final rule.

Sincerely,

s/ Weili J. Shaw
Weili J. Shaw
Attorney for the United States

cc:   Counsel of Record (via CM/ECF)

---

[1] The Director indicated he may refer decisions to PTAB panels for "detailed treatment of issues" like "complex claim construction issues, priority analysis, or real party in interest determination," but has not indicated that PTAB panels will exercise discretionary-denial authority. Memorandum from Director 2. Even if PTAB panels again did so, the Director would retain the authorities discussed below.

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because it contains 350 words, according to the count of Microsoft Word.

s/ Weili J. Shaw
WEILI J. SHAW